Cadlerock Joint Venture, L.P. v Patterson (2021 NY Slip Op 06535)





Cadlerock Joint Venture, L.P. v Patterson


2021 NY Slip Op 06535


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Index No. 6321/97 Appeal No. 14700 Case No. 2020-02431 

[*1]Cadlerock Joint Venture, L.P., Plaintiff-Appellant,
v
Everton H. Patterson, Defendant-Respondent, Board of Managers of the Parkchester South Condominium, Inc., et al., Defendants.


Vlock & Associates, P.C., New York (Steven P. Giordano of counsel), for appellant.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about May 10, 2019, which denied plaintiff's motion for contempt against defendant Everton H. Patterson, without prejudice to plaintiff making a motion to compel, unanimously reversed, on the law, without costs, and the matter remitted for further proceedings to decide the underlying motion in accordance with this order.
The postjudgment subpoena in this case was issued by plaintiff's lawyer, an officer of the court, and required that Patterson produce documents and appear for a deposition at counsel's office in Manhattan. Critical to the resolution of this appeal is whether this type of subpoena is a "judicial" subpoena, as defined by CPLR 2308(a), or a "non-judicial" subpoena, as defined by CPLR 2308(b). As the court properly noted, the disobedience of a judicial subpoena is punishable by contempt of court, while a person served with a non-judicial subpoena cannot be held in contempt unless the court first issues an order compelling compliance with the subpoena that is then disobeyed (Matter of Reuters Ltd. v Dow Jones Telerate, 231 AD2d 337, 341 [1st Dept 1997]).
We find that the subpoena is a "judicial" subpoena, the disobedience of which is punishable by contempt (Douglas Elliman, LLC v TWP Real Estate, LLC, 189 AD3d 614 [1st Dept 2020]; see also Matter of Ling v Sans Souci Owners Corp., 187 AD3d 755 [2d Dept 2020]). CPLR 2308(a) embraces subpoenas issued by an officer of the court (such as an attorney) at any stage of a judicial proceeding, regardless of whether the subpoena was specifically returnable in court (see Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2308, C2308:1; see also Bankers Trust Co. v Braten, 194 AD2d 378 [1st Dept 1993], appeal dismissed 82 NY2d 840 [1993]; cf. CPLR 5224[3][iv] [contempt for failure to comply with information subpoena governed by CPLR 2308(b)]). Thus, the court should have entertained the contempt motion without first requiring plaintiff to make a motion to compel.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021